## FERTILE CO-OP. DAIRY ASS'N v. HUSTON, Collector of Internal Revenue.

### No. 19.

District Court, N. D. Iowa, Cedar Rapids Division.

June 22, 1940.

Frank J. Enbusk, of Mason City, Iowa, for plaintiff.

Alexander Tucker, Sp. Asst. to Atty. Gen., and Edward G. Dunn, U. S. Atty., of Mason City, Iowa, for defendant.

### Findings of Fact.

SCOTT, District Judge.

1. The plaintiff is a corporation organized under Chapter 390, Code of Iowa 1931, relative to "Nonprofit-sharing Cooperative Associations".

2. Article III of plaintiff's Articles of Incorporation defining the nature and objects of its business, provides:

"The object of this association shall be to buy, sell, manufacture and deal in milk, cream, ice cream, butter, cheese, eggs, poultry, salt, feed and such other products as may be produced or supplies needed by its members; to enter into such contracts with its members as are authorized by law and necessary to the proper conduct of its business, and particularly such contracts as are authorized by the statutes under which this association is incorporated.

"The association shall also have the right to buy, hold, sell and convey personal property and such real estate as may be necessary or convenient for the proper conduct of the affairs of the association.

"The operations of this association shall be for the mutual benefit of its members as producers of farm products, and the association may in its by-laws prescribe the extent to which it may deal in the products of non-members, provided that the products of non-members dealt in shall not be greater in value than such as are handled by it for members."

3. Plaintiff was organized on February 23, 1935, as successor to a previously existing corporation, taking over its physical plant and a substantial surplus of cash and convertible credits receivable, and assumed to liquidate the stock liabilities of its predecessor, which it did.

4. Under plaintiff's organization it has not issued shares of capital stock, but in lieu thereof issues certificates of membership to producers of dairy products, charging a fee of fifty cents for each membership.

5. Plaintiff has conducted a dairy business, consisting of collecting cream from producers—members and non-members—and disposing of the same or its products and compensating its patrons, members and non-members, by pro-rating and paying the receipts of sales on the basis of butterfat received, less certain deductions as follows: 1st. Total operating expenses. 2nd. All necessary amounts for maintenance and augmentation of plant and equipment. And 3rd. A small reserve to meet current emergencies.

6. Returns were filed by plaintiff for the years 1936 to 1939 inclusive, showing tax liability as follows:

1. These returns were prepared at the time a revenue agent made an examination of the books and records of the taxpayer and accompanied his report dated November 26, 1938, to the revenue agent in charge. The taxpayer on January 26, 1939, executed a "Waiver of Restrictions on Assessment and Collection of Deficiency in Tax" in respect of the tax and penalties for these years.

7. The income and excess profits taxes, penalties and interest were paid on the following dates:

| Year | Date | Amount |
|---|---|---|
| 1936 | 3/24/39 | $170.17 |
|  | 5/26/39 | 37.98 |
| 1937 | 3/24/39 | 162.75 |
|  | 5/26/39 | 38.38 |
| 1938 | 3/15/39 | 24.14 |
| Total |  | $433.42 |

8. The capital stock taxes, penalties and interest were paid on the following dates:

| Year | Date | Amount |
|---|---|---|
| 1937 | 9/20/38 | $ 13.95 |
| 1938 | 8/25/39 | 3.95 |
| 1939 | 8/23/39 | 10.00 |
| Total |  | $ 27.90 |

9. Thereafter, the taxpayer filed the following claims for refund:

| Income Tax | Date filed | Amount |
|---|---|---|
| 1936 | 9/8/39 | $209.90 |
| 1937 | 9/8/39 | 199.38 |
| 1938 | 9/8/39 | 24.14 |
| Total |  | $433.42 |

INCOME TAXES

| Year of Return | Date filed | Income tax | Excess profits tax | Penalty | Delinquency Interest | Total |
|---|---|---|---|---|---|---|
| 1936 | 11/30/38 | 18149.61 |  | $37.40 | $18.25 | $205.26 |
|  |  |  | 2.31 | .58 |  | 2.89 |
| 1937 | 11/30/38 | 1 153.51 |  | 38.38 | 9.24 | 201.13 |
| 1938 | 3/15/39 | 24.14 |  |  |  | 24.14 |
| Total |  |  |  |  |  | $433.42 |

CAPITAL STOCK TAXES:

| 1937 | 6/29/38 | 10.00 |  | 2.50 | .62 | 13.12 |
|---|---|---|---|---|---|---|
| 1937 | 7/ /38 |  |  | .76 | .07 | .83 |
| 1938 | 8/ /39 | 3.00 |  | .75 | .20 | 3.95 |
| 1939 | 8/ /39 | 10.00 |  |  |  | 10.00 |
|  |  |  |  |  |  | $ 27.90 |

714

| Capital Stock Tax | Date filed | Amount |
|---|---|---|
| 1937 | 9/8/39 | $ 13.95 |
| 1938 | 9/8/39 | 3.95 |
| 1939 | 9/8/39 | 10.00 |
| Total | | $ 27.90 |

These claims for refund were all based on the same ground as follows:

Corporation is an exempt corporation under the provisions of Section 101; therefore, it is not liable for the tax.

10. The capital stock claims were rejected on October 16, 1939, and the income tax claims were rejected on April 12, 1940.

11. The ratio of the value of products marketed for non-members to total value of products marketed during the year 1936 is approximately 29 per cent; that the ratio of the value of products marketed for non-members to total value of products marketed during the year 1937 is approximately 25 per cent. Taxpayer's accounts show that undivided profits have steadily increased (except for a miner decrease in the year 1938) over the period from January 1, 1936, to December 31, 1938. The amounts of undivided profits for that period, as shown in the taxpayer's balance sheets, Schedule "L" of its income tax returns, are as follows:

| | Amount of Undivided Profits | Increase or Decrease |
|---|---|---|
| Jan. 1, 1936 | $ 9,284.15 | |
| Dec. 31, 1936 | 9,930.90 | $646.75 |
| Dec. 31, 1937 | 10,679.77 | 748.87 |
| Dec. 31, 1938 | 10,156.54 | 523.23 (Decrease) |

12. On January 1, 1936, Plant and Equipment account was charged with $11,-943.17. On December 31, 1938, that account stood charged with $14,423.19, a net increase of $2,480.02.

### Conclusions of Law.

From the foregoing facts the Court declares the following conclusions of law:

 1. That in order to be entitled to exemption from taxation as claimed under § 101 of the Internal Revenue Code, 26 U.S.C.A.Int.Rev.Code, § 101, plaintiff must be "organized and operated on a cooperative basis [a] for the purpose of marketing the products of members or other producers," etc. It must appear that under plaintiff's organization it may not deduct and retain a profit for itself. It must further appear that plaintiff accords to all producer patrons, members and non-members, an equality of treatment. Burr Creamery Corporation v. Commissioner, 9 Cir., 62 F.2d 407, 409, certiorari denied, 289 U.S. 730, 53 S.Ct. 527, 77 L.Ed. 1479; Northwestern Jobbers' Credit Bureau v. Commissioner, 8 Cir., 37 F.2d 880; Farmers Union Co-op. Co. v. Commissioner, 8 Cir., 90 P.2d 488.

 2. Plaintiff's contributions from profits to plant and equipment, or other capital items, inure ultimately to the benefit of members to the exclusion of non-members.

3. Upon expiration and winding up of the corporation, all net capital items would be allocated to members to the exclusion of non-members.

4. Plaintiff was not exempt under § 101 of the Internal Revenue Code as claimed, and is not entitled to recover the taxes, penalty and interest paid.

5. That plaintiff's complaint should be dismissed at plaintiff's costs.